# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 4835 | DATE | Walker v. *  9/2/08 |
| CASE TITLE | Deshawn Cocroft (#2008-0042809) v. Ball | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the amended civil rights complaint form, and instructions for filing along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■ [For further details see text below.]

*Suzanne B. Conlon*
Docketing to mail notices.

## STATEMENT

Although the Clerk has accepted this *pro se* complaint for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, Plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis*. Effective April 26, 1996, the Prison Litigation Reform Act ("PLRA") significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed.** The court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:
 (A)  the average monthly deposits in the prisoner's account; or
 (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
28 U.S.C. § 1915(b)(1).

The court will authorize prison officials to deduct the initial filing fee payment directly from plaintiff's trust fund account. Thereafter, correctional authorities having custody of plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

| | JJD |
|---|---|

## STATEMENT

To enable the court to make the necessary initial assessment of the filing fee, **plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period (that is from February 25, 2008 to August 25, 2008).

Plaintiff must, within 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee.

In addition, the complaint on file fails to state a claim. Plaintiff therefore must submit an amended complaint.

Plaintiff alleges that Defendant, Correctional Rehabilitation Worker V. Ball, processed Plaintiff's grievances as request slips. When Plaintiff asked Defendant when he would receive a response to his grievances, Defendant told him not to worry about a response. When Plaintiff asked Defendant why she processed the grievances as a request, Defendant told Plaintiff that she felt that they were requests. Plaintiff told Defendant his constitutional rights had been violated and that Ball had no right to determine if those rights were, or were not, violated. Defendant responded that she and her colleagues do not violate a detainee's rights and that if he stayed out of jail he would not have to worry about his rights being violated. Defendant also refused to give Plaintiff a copy of Cook County Department of Corrections Rules and Regulations.

Plaintiff claims that he felt he was "treated cruel and unjust and like a dog." He also "feel[s] that [his] constitutional 14th Amendment Due Process and Equal Protection were violated and [his] 8th Amendment section 1 Cruel and Unusual Punishment were violated."

Plaintiff's claims, as a pretrial detainee, must be analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007).

As to Plaintiff's equal protection claim, Plaintiff makes no allegations that he is a member of a protected group or that he was treated differently from members not in the protected class. Accordingly, Plaintiff fails to plead an equal protection claim. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

As to Plaintiff's due process claims, an inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). A prisoner must plead that unjustified acts prevented him from pursuing a non-frivolous claim to succeed on an access-to-courts claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996). Here, Plaintiff only alleges his dissatisfaction with how his grievance was, or was not, processed. Plaintiff does not allege, nor can it be reasonably inferred, that the manner in which Plaintiff's grievances were processed denied him access to a court. Nor are there any allegations that the matter giving rise to the grievances implicate a constitutional right.

The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

**STATEMENT**

Plaintiff must, within 30 days from the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** (2) submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.

*Suzanne B. Conlon*